**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO (DENVER)**

| | |
|---|---|
| **JOSEPH J. GOMEZ, on behalf of himself and all others similarly situated,** ) ) ) ) ) **Plaintiff,** ) ) **v.** ) ) **KROLL FACTUAL DATA, INC.** ) ) ) ) **Defendant.** ) ) | **Civil Action No. 1:13-cv-00445-WJM** **CLASS ACTION** |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**PRELIMINARY STATEMENT**

1. This is a consumer class action based upon Defendant Kroll Factual Data Inc.'s ("Kroll" or "Defendant") violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA"). Defendant sells consumer reports that are purported to identify whether a given consumer is included in the Office of Foreign Assets Control, Specifically Designated National and Blocked Persons ("OFAC") list. Defendant fails to maintain and follow reasonable procedures to assure the maximum possible accuracy of that information in its consumer reports about a given consumer's inclusion on the OFAC list before it sells such a report to any third party. It therefore routinely misidentifies innocent Americans, such as Plaintiff, as terrorists, narcotics traffickers, money launderers and other enemies of the United States who are actually on the OFAC list.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue has been transferred to this District.

## PARTIES

4. Plaintiff Jose Gomez is an adult individual who resides in Silver Springs, Maryland.

5. Defendant Kroll Factual Data, Inc. ("Kroll") is a consumer reporting agency that regularly conducts business in Maryland and which has a principal place of business located at 5200 Hahns Peak Drive, Loveland, CO 80538.

## FACTUAL ALLEGATIONS

**A.   Defendant Fails To Report Consumer Information Accurately**

6. Defendant is the type of consumer reporting agency ("CRA") commonly referred to as a "reseller."

7. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually.

8. Defendant is regulated by the FCRA.

9. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

10. In furtherance of that goal, the FCRA mandates that each CRA follow reasonable procedures to assure the maximum possible accuracy of all information in each consumer's file and report. 15 U.S.C. § 1681e(b).

11.     An OFAC alert is a notation on a consumer credit report signifying that the subject of the report is purportedly included in the list of the Office of Foreign Assets Control, Specifically Designated National and Blocked Persons, which includes terrorists, money launderers and narcotics traffickers.

12.     Banks and other lending institutions which receive consumer reports with OFAC alerts on them have refused to extend credit to the credit applicants, including Plaintiff, and are unwilling to take the risk of eliminating the applicant as an actual criminal after a CRA has placed an OFAC alert on the applicant's report.

13.     OFAC information is subject to the FCRA's maximum possible accuracy standard: "OFAC information included in a consumer report and sold about a consumer falls within the purview of the FCRA, and the 'maximum possible accuracy standard.'" *Cortez*, 617 F.3d at 710.

14.     Defendant sells OFAC information as part of its consumer reports.

15.     Defendant has developed a product and/or service called "TruAlert" which it promotes as reliable and accurate.

16.     TruAlert is embedded within and is one of the initial sections of Defendant's consumer reports. The TruAlert section is usually displayed upon a Kroll consumer report immediately below the personal identifying information and inquiry history of the credit applicant.

17.     TruAlert informs the user of the consumer credit report whether the credit applicant's name is a match to the OFAC list.

18.     TruAlert searches for matching records and records purportedly "similar" to the applicant's identifying information, including "file variations" and "AKAs."

19. Defendant warns its customers on its website that OFAC information is vital to their businesses and that they should rely upon TruAlert so that they "do not engage in transactions with 'enemies' of the United States."

20. Defendant's website also acknowledges that its consumer reports assist its customers in "making critical decisions, such as determining whether to make a mortgage or other loan, offer employment, [or] accept new tenants . . . ."

21. Defendant's procedure is to "crosscheck" only the name of the credit, employment or tenant applicant against the OFAC list.

22. Defendant does not crosscheck or otherwise attempt to match with the OFAC list any other item of the applicant's personal identifying information -- such as the applicant's date of birth, address, and social security number -- even though such identifying information is regularly supplied to Defendant at the time it is preparing a consumer report, including a TruAlert, for the applicant.

23. Further, Defendant's "name only" crosscheck does not require even an exact match between the name of the applicant and the name of any person actually on the OFAC list.

24. As a result of its very loose name-only matching criteria, Defendant routinely misidentifies persons, such as Plaintiff, named "Joseph Gomez" with a suspected narcotics trafficker, money launderer and/or terrorist named "Gabriel Gomez Chavez," who is actually on the OFAC list.

25. The name "Joseph Gomez" is not similar to the name "Gabriel Gomez Chavez."

26. Plaintiff Gomez's personal identifying information, which was known to Defendant at the time of Plaintiff's credit application, and as a result of Plaintiff's credit application, is absolutely not similar and bears no resemblance whatsoever to personal

identifying information for "Gabriel Gomez Chavez," which is readily available on the U.S. Treasury Department's OFAC list.

27. Upon information and belief, Defendant also misidentifies other innocent Americans named "Gomez" with the suspected narcotics trafficker, money launderer and/or terrorist named "Gabriel Gomez Chavez" who is actually on the OFAC list.

28. Defendant's reporting of OFAC alert information is not accidental, but a result of deliberately designed policies and procedures.

29. Defendant's matching procedures are determined by computer algorithms and are a result of deliberate but imprecise matching criteria.

30. Further, Defendant has deliberately determined that it will not require confirmation, before a consumer report is prepared and sold to a lender, of any possible match between a credit applicant and a hit to the OFAC list according to its matching criteria, in contravention to clearly established authority from the Court of Appeals. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 710 (3d Cir. 2010) (finding that there are "inherent dangers in including any information in a credit report that *the credit reporting agency cannot <u>confirm</u> is related to a particular consumer*.") (emphasis added).

31. Further, Defendant will not use any other personal indetifier, such as date of birth, even when it is available, to exclude an applicant as a possible hit to the OFAC list, again in contravention to clearly established authority from the Court of Appeals. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 710 (3d Cir. 2010).

32. Specifically, the Court of Appeals for the Third Circuit in *Cortez* held that the jury was justified in finding liability under FCRA section 1681e(b) in that case because of "an incontinency between the identifying information provided by [the CRA], for example,

5

[plaintiff] Coretz's birth date, and the information on the [OFAC] List." *Cortez*, 617 F.3d at 709.

33.     The Third Circuit also held that FCRA section 1681e(b) liability could be found due to several "discrepancies" between the CRA's and OFAC's records regarding "last name, middle name . . . date of birth . . . [and] citizenship." *Id.* at 710.

34.     The Third Circuit went as far as to find that the CRA's procedures were "reprehensible" because the CRA did not take the "utmost care" in assuring accuracy and did not even compare the plaintiff's date of birth to the very different date of birth on the OFAC record that it placed on her report. *Id.* at 723.

35.     Other CRAs have entered into consent agreements and consent orders requiring the matching of up to eight or nine items of personal identifying information before matching any data to a aparticular consumer's report. *See, e.g., Federal Trade Commission v. TRW, Inc.*, No. 3-91CV2661-H, 784 F. Supp. 361, at 362-36 (N.D. Tex. Dec. 16, 1991) (requiring "full identifying information" in preparation of consumer reports as to avoid mixed files; "full identifying information" is defined as "full last and first name; middle initial; full street address; zip code; year of birth; any generational designation; *and* social security number.") (emphasis added). See also *State of Alabama, et al., v. Trans Union Corp.*, No. 92-C-7101 (N.D. Ill. Dec. 26, 1992); *Equifax Credit Information Services, Inc. Proposed Consent Agreement with Analysis to Aid Public Comment*, 60 Fed. Reg. 35 (proposed Feb. 22, 1995).

36.     Nevertheless, Defendant continues to use a name only matching procedures which leads to mismatches, mixed files and mistakes.

       **B.**     **The Experience Of The Representative Plaintiff**

37.     Plaintiff is but one consumer about whom Defendant sold inaccurate OFAC information.

6

38. On or about January 17, 2012, Plaintiff applied for a home loan through the Waterstone Mortgage Corporation.

39. On the same day, the Waterstone Mortgage Corporation ordered a consumer report known as "Residential Merged Credit Report" from Defendant concerning Plaintiff. A partially redacted copy of that January 17, 2012 report is attached hereto as Exhibit A.

40. Residential Merged Credit Report included a "TruAlert" section, which began on its very first page.

41. Defendant's January 17, 2012 Residential Merged Credit Report about Plaintiff sold to Waterstone Mortgage Corporation identified an "AKA" record for Plaintiff allegedly similar to a record on the OFAC list.

42. The report stated that Plaintiff uses the AKA or alias "Jose," but that is inaccurate. Plaintiff does not go by or use the name "Jose" as an AKA or otherwise.

43. Defendant's Residential Merged Credit Report alerted Waterstone Mortgage Corporation that Plaintiff was a possible match to "Gabriel Gomez Chavez," with a date of birth August 1962, of Jalisco, Mexico, and with a U.S. social security number ending in 9593.

44. "Gabriel Gomez Chavez" has several aliases according to the OFAC list, but none of those aliases are Joseph J. Gomez, Plaintiff's actual name.

45. Plaintiff is not "Gabriel Gomez Chavez," or related to such a person, was not born in Mexico, never lived in Mexico, and Plaintiff is not on the OFAC list.

46. Plaintiff provided as part of his credit application, and Defendant received, his true name, address, social security number and date of birth.

47. Plaintiff's name does not match that of "Gabriel Gomez Chavez," or any of "Gabriel Gomez Chavez" aliases, as listed on the actual OFAC list.

48. Nor is Plaintiff's name similar to "Gabriel Gomez Chavez."

49. Plaintiff's address does not match that of "Gabriel Gomez Chavez," as partially listed on the actual OFAC list.

50. Nor is Plaintiff's Maryland address even remotely similar to "Gabriel Gomez Chavez" addressees in Mexico.

51. Plaintiff's date of birth does not match that of "Gabriel Gomez Chavez," and is not similar. In fact, Plaintiff's date of birth is more than 25 years later than the August 1962 date of birth as listed on the actual OFAC list for "Gabriel Gomez Chavez."

52. Plaintiff's social security number does not match that of "Gabriel Gomez Chavez," as listed on the actual OFAC list, and is not even close to similar.

53. In fact Plaintiff's social security number differs for all nine digits with the social security number listed on the actual OFAC list for "Gabriel Gomez Chavez."

54. All of this information, and more, was available to Defendant before it sold its report, allegedly about Plaintiff, to Waterstone Mortgage Corporation.

55. Nevertheless, Defendant's TruAlert product indentified Plaintiff as a possible match to the suspected narcotics trafficker, money launderer and/or terrorist named "Gabriel Gomez Chavez," who is actually on the OFAC list.

56. Upon information and belief, Defendant associated Plaintiff with the OFAC list only because one of "Gabriel Gomez Chavez" alias is "Gonzalez Quirarte Jose."

57. Waterstone Mortgage Corporation did not offer a home loan to Plaintiff after reviewing his consumer report issued by Defendant on January 17, 2012.

58. The OFAC TruAlert information of Plaintiff's January 17, 2012 Kroll report is not true, accurate, or reliable.

59.     Further, the OFAC TruAlert information of Plaintiff's January 17, 2012 Kroll report harmed Plaintiff's reputation and caused him emotional distress.

60.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

61.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff brings this action on behalf of the following Classes:

(a) All persons residing in the United States and its Territories with the first name "Joseph" or "Jose" and the last name "Gomez" who had a consumer report sold about them by Defendant to any third party which included an OFAC record, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case; and/or

(b) All persons residing in the United States and its Territories about whom Defendant sold a consumer report to any third party which included a TruAlert entry for Gabriel Gomez Chavez, with a date of birth August 1962 and with a U.S. social security number ending in 9593, but excluding the Mexican national Gabriel Gomez Chavez, during the period beginning two (2) years prior to the filing of this

Complaint and continuing through the date of the resolution of this case.

63. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes number in the hundreds or thousands.

64. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in consumers' files with respect to OFAC information.

65. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

66. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

67. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

68. Whether Defendant violated the FCRA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

69. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from Defendant's records.

## **CLAIM**

## **COUNT I - VIOLATION OF THE FCRA § 1681e(b)**

70. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

71. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

72. Plaintiff demands trial by jury on all issues.

                            Respectfully submitted,

                            **FRANCIS & MAILMAN, P.C.**
                            BY:   */s/ John Soumilas*
                            JAMES A. FRANCIS
                            JOHN SOUMILAS
                            DAVID A. SEARLES
                            Land Title Building, 19th Floor
                            100 South Broad Street
                            Philadelphia, PA 19110
                            (215) 735-8600
Dated: March 11, 2013          *Attorneys for Plaintiff*