IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00445-WJM-KMT

JOSEPH J. GOMEZ, on behalf of himself and all
others similarly situated,

     Plaintiff,

v.

KROLL FACTUAL DATA, INC.,

     Defendant.

---

**DEFENDANT KROLL FACTUAL DATA, INC.'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

---

COMES NOW, Defendant Kroll Factual Data, Inc. ("KFD") and moves this Court

for entry of an order pursuant to Federal Rule of Civil Procedure 26(c), staying

discovery in this action pending the resolution of KFD's Motion to Dismiss Pursuant to

Federal Rule of Civil Procedure 12(b)(6).  Counsel for the parties have conferred as set

forth in footnote one herein.[1]

## BACKGROUND

Plaintiff Joseph Gomez has sued KFD, alleging that KFD's procedure for

reporting information from the Office of Foreign Asset Control's Specially Designated

Nationals and Blocked Persons List ("OFAC List") in its consumer reports violates

§ 1681e(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x.

Plaintiff's case was transferred to this Court on February 20, 2013, (ECF No. 1), and

---

[1] Pursuant to Civil Local Rule 7.1(A), KFD has conferred with Plaintiff's counsel
regarding a stay of discovery pending resolution of KFD's Motion to Dismiss.  Despite
the parties' good-faith discussion and consideration, Plaintiff does not agree that a stay
is warranted.

Plaintiff's Amended Complaint was filed on March 11, 2013, (ECF No. 15).  On March 18, KFD filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.)  Briefing on that Motion is now complete.

Under the current schedule, the parties are required to submit a proposed scheduling order, including a discovery plan, and make mandatory initial discovery disclosures under Rule 26(a) by May 7, 2013.  *See* Fed. R. Civ. P. 26(a), (a)(1)(C), (f)(2); D.C. Colo. Local Civ. R. 26.1(A); Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting, ECF No. 14.

## ARGUMENT

In order to avoid the parties' and the Court's unnecessary commitment of time and expense to discovery matters in a case that may soon be disposed of in its entirety, KFD seeks a stay of discovery pending the Court's decision on KFD's Motion to Dismiss.  This is a putative class action that, absent dismissal on the legal grounds set forth in KFD's Motion to Dismiss, could entail extensive and expensive discovery.

"Rule 26(c) permits the court to enter any order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Greeley Publ'g Co. v. Hergert*, 233 F.R.D. 607, 612 (D. Colo. 2006).  And Rule 1 gives federal courts "considerable discretion to manage the discovery process in a way that promotes the 'just, speedy, and inexpensive determination of every action.'"  *Id.*  A "motion for stay of discovery raises issues of pretrial management and judicial efficiency that fall within this [C]ourt's discretion."  *Id.*

Although the District of Colorado generally disfavors complete stays of *proceedings*, it has routinely held that a stay of discovery may be entirely appropriate "to

2

avoid expending resources in managing an action that ultimately will be dismissed."
*Stan Lee Media, Inc. v. Walt Disney Co.*, No.12-cv-02663-WJM-KMT, 2013 WL 855101,
at *3 (D. Colo. Mar. 6, 2013); *accord, e.g.*, *LaFleur v. Teen Help*, 342 F.3d 1145, 1152–
53 (10th Cir. 2003); *Ajjarapu v. AE Biofuels, Inc.*, 728 F. Supp. 2d 1154, 1159–60 (D.
Colo. 2010); *Sloan v. Ameristar Casinos, Inc.*, No. 12-cv-01126-MSK-KMT, 2013 WL
1127062, at *1 (D. Colo. Mar. 18, 2013); *Chimney Rock Pub. Power Dist. v. Tri-State
Generation & Transmission Ass'n*, No. 10-cv-02349-WJM-KMT, 2011 WL 834201, at *5
(D. Colo. Mar. 4, 2011) ("The court's time is not well-served by being involved in
possible discovery motions and other incidents of discovery, where, as here, dispositive
motions are pending.").

 In general, this Court considers five factors to assess the merits of a stay of
discovery: "(1) the interest of the plaintiff in proceeding expeditiously with discovery and
the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of
proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the
interests of nonparties in either staying or proceeding with discovery; and (5) the public
interest in either staying or proceeding with discovery." *E.g.*, *Motor Works Denver, Ltd.
v. Aerosonic Corp.*, No. 12-cv-01489-REB-KLM, 2012 WL 5878162, at *1 (D. Colo. Nov.
20, 2012) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-
LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

 Stays of discovery are especially proper where "resolution of a preliminary
motion may dispose of the entire action." *Stan Lee*, 2013 WL 855101, at *3; *accord,
e.g.*, *Orrick v. Midland Credit Mgmt., Inc.*, No. 11-cv-03133-PAB-KMT, 2012 WL
3150575, at *2 (D. Colo. Aug. 2, 2012) ("[B]ecause [the defendant's] Rule 12(b)(1)

[m]otion may be dispositive of the entire case, it would be overly burdensome to require it to participate in discovery until the [m]otion to [d]ismiss is decided."). Such is the case here. In order to state a claim under § 1681e(b)—the only cause of action in Plaintiff's Complaint—Plaintiff must make a sufficient showing both that the consumer report prepared by KFD in this case was inaccurate and that KFD did not "follow reasonable procedures to assure maximum possible accuracy" in reporting OFAC data. 15 U.S.C. § 1681e(b); *Eller v. Experian Info. Solutions, Inc.*, No. 09-cv-00040-WJM-KMT, 2011 WL 3365513, at *2 (D. Colo. Aug. 4, 2011); *accord Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). If Plaintiff's Amended Complaint is legally deficient as to *either* required showing, it will be dismissed in its entirety. Here, the Amended Complaint is deficient as to both.

As KFD's Motion to Dismiss demonstrates, Plaintiff cannot plausibly plead either required showing because i) it is clear from the face of the consumer report that it is not inaccurate, and ii) even taking as true Plaintiff's allegations, KFD's procedures strictly follow OFAC's guidance for reporting OFAC List information. The grounds for KFD's Motion to Dismiss are wholly legal, focusing on KFD's compliance with agency guidance and federal regulations and relying on the plain language of the consumer report at issue, which both parties already possess. No discovery is necessary to resolve these threshold legal issues. Accordingly, this case presents precisely "the kind of one-issue dispositive attack envisioned by the case law" as a prime candidate for a stay of discovery. *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).

The five factors to which this Court looks on a motion to stay discovery also weigh in favor of staying this case pending resolution of the Motion to Dismiss.

First, Plaintiff will not be prejudiced by a short delay of discovery. This case is in its infancy. Upon transfer to this Court just over two months ago, Plaintiffs opted to amend their Complaint, and KFD agreed to a shortened timeline for submitting its Motion to Dismiss, filing within a week of receiving the Amended Complaint. *See* Minute Order Granting Motion for Schedule for Filing Amended Complaint and Responsive Pleading, ECF No. 13. Accordingly, Plaintiff has already received the benefit of expedited proceedings and will not be harmed by a stay to await the Court's decision on KFD's fully-briefed Motion to Dismiss. *See Motor Works*, 2012 WL 5878162, at *2 ("Because this case was just filed approximately six months ago, the Court finds that imposing a stay of discovery and other deadlines at this stage would not cause undue prejudice to Plaintiff.")

Second, a stay of discovery would prevent KFD from spending time and substantial money on discovery that may prove futile. In a putative class action, like this case, the discovery efforts necessary simply to identify potential class members impose a substantial burden on KFD; one KFD should not be required to shoulder absent a plausible claim to relief. *Cf. Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1172–73 (E.D. Wis. 2009) (noting that discovery in a putative FCRA class action was likely to be particularly costly because the "[p]laintiff [sought] to represent a class consisting of an apparently large number of mortgagors who allege[d] that they were harmed as the result of FCRA violations committed by [the] defendants").

Third, the convenience to this Court of staying discovery is readily apparent.  As this Court has explained, "[w]ith regard to the third factor, it is certainly more convenient for the Court to grant the stay of discovery until it is clear that the case will proceed." *Motor Works*, 2012 WL 5878162, at *2.  After all, "should the pending motion be granted, this Court will have expended resources managing a . . . [law]suit unnecessarily."  *Stan Lee*, 2013 WL 855101, at *3.

As to the fourth factor, KFD is unaware of any specific non-parties who will be impacted differently if discovery goes forward while the Motion to Dismiss is pending. However, it is worth stating that non-parties will be burdened in the same manner as the parties and the Court if a stay is denied: they will likely waste time and expense complying with discovery requirements in a case that may soon be dismissed.

Fifth, "[a]voiding wasteful efforts by the Court clearly serves [the public] interest," *Motor Works*, 2012 WL 5878162, at *2, especially at a time when federal government funding is in short supply and even judiciary employees are being furloughed.

In sum, each of the five factors this Court uses to assess the prudence of a stay of discovery weighs either substantially or at least slightly in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court stay discovery pending the resolution of KFD's Motion to Dismiss.

Dated:  April 22, 2013

Respectfully submitted,

*s/ Daniel P. Shanahan*
*s/ Sarah L. Lochner*
Daniel P. Shanahan
Sarah L. Lochner
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
Phone:  202.434.5000
Fax:  202.434.5029
Email:   dshanahan@wc.com
              slochner@wc.com

*s/ Harold A. Haddon*
*s/ Ty Gee*
Harold A. Haddon
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364
Fax:      303.832.2628
Email:  hhaddon@hmflaw.com
              tgee@hmflaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2013, I electronically filed the foregoing

Defendant Kroll Factual Data, Inc.'s Motion to Stay Discovery Pending Resolution of

KFD's Motion to Dismiss Plaintiff's Amended Complaint with the Clerk of Court using

the CM/ECF system, which will send notification of such filing to the following:

James A. Francis
John Soumilas
David A. Searles
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

                                                    *s/ Sarah L. Lochner*