IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00445-WJM-KMT

JOSEPH J. GOMEZ, on behalf of himself and all others similarly situated,

Plaintiff,

v.

KROLL FACTUAL DATA, INC.,

Defendant.

## STIPULATED PROTECTIVE ORDER

  IT IS HEREBY STIPULATED by and between Plaintiff and Defendant through their respective attorneys of record, as follows:

  WHEREAS, documents, testimony, and information have been and may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to the parties and/or credit and other confidential information of Plaintiffs.

  THEREFORE, this Court orders as follows:

  1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action, which are designated to be subject to this Order.

  2. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain orconstitute personal, confidential, commercial, business, financial or proprietary information shall be clearly marked on their face with the legend: "CONFIDENTIAL."  Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute highly confidential information, including but not limited to: (a) trade secret information; (b) confidential

research and development information; (c) marketing, business, or internal strategic plans, or proprietary planning processes; (d) internal, non-public financial information, financial projections, or future strategic and business plans; and (e) information of a highly sensitive nature, the public disclosure of which could cause significant competitive harm, shall be clearly marked on their face with the legend: "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3.  A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within 2 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers, and designation. The designating party must serve such Notice within 10 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 10 day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.  All materials produced in this case, including but not limited to CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including, but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5.  Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action; and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.  Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court any party that seeks to disclose any CONFIDENTIAL MATERIALS to any expert pursuant to paragraph 5(iii) must give notice in writing by facsimile or by electronic transmission to the designating party not less than five (5) days prior to the proposed disclosure.  Such notice must include the name of the disclosed expert, the current employer of the disclosed expert, and the date of the proposed disclosure.  If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure.  If the dispute is not resolved informally within three (3) days of such notice of objections, the receiving party shall submit each objection to the Court, together with a request for a ruling, not later than five (5) days after the expiration of that 3-day period.  The dissemination of such CONFIDENTIAL MATERIALS to such expert shall be withheld pending the Court's ruling.

7.  Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.  All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named

parties thereto.  No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8. Subject to paragraph 9, in the absence of prior written permission from designating party or an order by the Court CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case.

9. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall have the right to move the Court to challenge the designated status of such materials.  It shall be the designating party's burden to prove that the challenged classification is appropriate.  The receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the receiving party's motion.

10. Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL - AEO MATERIALS with the Court must contact the designating party (5) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or the CONFIDENTIAL-AEO MATERIALS can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file such material in accordance with Local Rule 7.2(D).  The designating party shall file a Motion to simultaneously with the other party's filing.  The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

11. Subject to paragraph 9, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating

party all materials containing information designated in accordance with paragraph 2, above. The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, or compilations have been destroyed.

      12.    This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

      13.    This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 7.2.

      14.    Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

      15.    Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

**IT IS SO ORDERED.**

Dated:      July 15, 2013

_____
Kathleen M. Tafoya
United States Magistrate Judge

RESPECTFULLY SUBMITTED

| | |
|---|---|
| *s/ John Soumilas*, Esquire | *s/ Daniel P. Shanahan*, Esquire |
| Francis & Mailman PC | Williams & Connolly LLP |
| Land Title Building, 19th Floor | 725 Twelfth Street, N.W. |
| 100 S. Broad Street | Washington, D.C. 20005 |
| Philadelphia, PA 19110 | |
| (215) 735-8600 | (202) 434-5174 |
| Attorney for Plaintiff | Attorney for Defendant |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00445-WJM-KMT
JOSEPH J. GOMEZ, on behalf of himself and all others similarly situated,

Plaintiff,

v.

KROLL FACTUAL DATA, INC.,

Defendant.

_____

**DECLARATION OF _____ UNDER**

**STIPULATED PROTECTIVE ORDER**1

I, _____ being duly sworn, declare as follows:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is

_____

_____.

    4.    I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read

the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

      5.     I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any material disclosed to me for any purposes other than this case.

      6.     I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

      7.     I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____