**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0445-WJM-KMT

JOSEPH J. GOMEZ,

    Plaintiff,

v.

KROLL FACTUAL DATA, INC.,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

Plaintiff Joseph J. Gomez ("Plaintiff") brings this consumer class action against Defendant Kroll Factual Data, Inc. ("Defendant"), a consumer reporting agency, for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Before the Court is Defendant's Motion to Dismiss ("Motion"). (ECF No. 18.) For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

The following allegations, contained in Plaintiff's operative Amended Complaint and its attached exhibit, are accepted as true for purposes of Defendant's Motion to Dismiss.

The Office of Foreign Assets Control ("OFAC") maintains a federal registry of individuals and entities that are prohibited by the U.S. Department of Treasury from doing business with the United States, which is called the Specifically Designated National and Blocked Persons list ("OFAC List"). (Compl. (ECF No. 15) ¶ 11).

Defendant sells OFAC information as part of its consumer reports.  (*Id.* ¶ 14.) Defendant has developed a product called "TruAlert" which is imbedded within one of the sections of its consumer reports.  (*Id.* ¶¶ 15, 16.)  TruAlert notifies the purchaser of the credit report if the credit applicant's name is a match or "similar to" a name on the OFAC List.  (*Id.* ¶ 17.)

On or about January 17, 2012, Plaintiff applied for a home loan through the Waterstone Mortgage Corporation ("Waterstone").  (*Id.* ¶ 38.)  Waterstone ordered Plaintiff's Residential Merged Credit Report ("Consumer Report") from Defendant.  (*Id.* ¶ 39.)  The Consumer Report included a TruAlert section stating that Plaintiff uses the "AKA" (alias) "Jose Gomez."  (*Id.* ¶ 42; Consumer Report (ECF No. 15-2), p. 3.)  The TruAlert section of the Consumer Report also stated that Plaintiff's AKA record was "similar to" "Gabriel Gomez Chavez," an individual on the OFAC List.  (Compl. ¶ 43; Consumer Report, pp. 2-3.)

Plaintiff and Defendant both concede that Plaintiff is not on the OFAC list. Plaintiff does not go by the alias "Jose Gomez," he and Gabriel Gomez Chavez are not the same person, and his name does not match any of Chavez's aliases listed on the Consumer Report.  (*Id.* ¶¶ 45, 47, 48.)  The Credit Report shows that Plaintiff and Gabriel Gomez Chavez have different dates of birth, addresses, and social security numbers.  (*Id.* ¶¶ 49-52.)  After viewing the Consumer Report, Waterstone did not offer a home loan to Plaintiff.  (*Id.*)

On September 9, 2012, Plaintiff filed this action against Defendant in the United States District Court for the District of Maryland.  (ECF No. 1.)  On January 11, 2013, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, for failure to state a claim upon which relief can be granted. (*Id.*)  On February 20, 2013, the case was transferred to this Court.  On February 21, 2013, Defendant's Motion to Dismiss was stricken for failure to comply with WMJ Revised Practice Standard III.D.1.  (ECF No. 8.)

On March 11, 2013, Plaintiff filed an Amended Complaint against Defendant, on behalf of himself and all others similarly situated.[1]  (Compl.)  Plaintiff alleges that Defendant negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to maintain and follow reasonable procedures to assure the maximum possible accuracy of information in its consumer reports, particularly the section of the report that includes OFAC information.  (Compl. ¶ 1.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting

---

[1] Plaintiff brings the action on behalf of: 1) "All persons residing in the United States and its Territories with the first name 'Joseph' or 'Jose' and the last name 'Gomez' who had a consumer report sold about them by Defendant to any third party which included an OFAC record. . ."; and 2) "All persons residing in the United States and its Territories about whom Defendant sold a consumer report to any third party which included a TruAlert entry for Gabriel Gomez Chavez, with a date of birth August 1962 and with a U.S. social security number ending in 9593, but excluding the Mexican national Gabriel Gomez Chavez. . . ."  (Compl. ¶¶ 62(a), (b).)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

"In considering a Rule 12(b)(6) motion, the Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits[.]" *Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1066-67 (D. Colo. 2009) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)). Thus, in addition to the allegations in the Amended Complaint itself, the Court will consider the Consumer Report, which was attached as an exhibit to the Complaint, and specifically referred to in the Complaint.

### III. ANALYSIS

Defendant now moves to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that: (1) Plaintiff has failed to allege that the Consumer Report was inaccurate; and (2) the OFAC-reporting procedures Defendant followed were reasonable as a matter of law because they fully complied with OFAC guidance and case law. (ECF No. 18 at 2-3.)

"To prevail on a claim for negligent noncompliance within 15 U.S.C. § 1681e(b), a plaintiff must establish: 1) the existence of an inaccurate credit report; 2) that the consumer reporting agency failed to follow reasonable procedures to assure the

maximum accuracy of its reports; 3) that the plaintiff suffered an injury; and 4) that the consumer reporting agency's failure caused the Plaintiff's injury." *Eller v. Experian Info. Solutions, Inc.*, 2011 WL 3365513, at *2 (D. Colo. Aug. 4, 2011).  The Court will discuss each of these elements in turn below.

With respect to the first element, Plaintiff alleges that the mere inclusion of the Chavez OFAC listing on his Consumer Report was "misleading or materially incomplete" and, therefore, inaccurate.  (ECF No. 20 at 5) (quoting *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 39 (D.C. Cir. 1984)).  Defendant maintains that a notation of "similar to" is not inaccurate because nothing in the Consumer Report states that Plaintiff is either Gabriel Gomez Chavez or any other individual on the OFAC List.  (ECF No. 18 at 10.)  The inclusion of the alias "Jose Gomez," while not actionable in and of itself, is the reason the Credit Report matched Plaintiff to "Jose Gonzalez Quirarte," one of Chavez's known aliases.  (Compl. ¶ 56.)

The Consumer Report states that Plaintiff uses the AKA "Jose Gomez," which is "similar to" one of Chavez's known alias's "Jose Gonzalez Quirarte."  (Consumer Report, pp. 2-3.)  Plaintiff does not use the alias "Jose Gomez."  (Compl. ¶ 42.)  It is undisputed that Plaintiff has no connection to Chavez.  Therefore, the Court finds that Plaintiff has alleged facts sufficient to support an inference that the Consumer Report was inaccurate.

With respect to the second element, "[r]easonable procedures are those that a reasonably prudent person would undertake under the circumstances."  *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010).  "The reasonableness of a credit reporting agency's procedures is normally a question for trial unless the reasonableness

5

or unreasonableness of the procedures is beyond question." *Eller v. Experian Info. Solutions, Inc.*, 2011 WL 3365955, at *5 (D. Colo. May 7, 2011) (quoting *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)).

When preparing consumer reports, Defendant "'crosscheck[s]' only the name of the credit, employment or tenant applicant against the OFAC list." (Compl. ¶ 21.) Defendant does not use other items of an applicant's personal information, such as the applicant's date of birth, address, and social security number to exclude the applicant as a possible hit to the OFAC list.[2] (Compl. ¶ 22.) A juror could conclude that a reasonably prudent person would take these additional steps to assure the maximum accuracy of consumer reports. (Compl. ¶¶ 21, 22, 31.) As such, the Court finds that Plaintiff's allegations, for purposes of the Motion to Dismiss, sufficiently state that the Consumer Report's inaccuracy was due to Defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

With respect to the third and fourth elements, the injury requirement under § 1681(e) "typically is satisfied by proof that the inaccurate report was provided to a third party." *Miller v. Trans Union, LLC*, 2013 WL 5442008, at *6 (M.D. Pa. Aug. 14, 2013). Plaintiff's Consumer Report was provided to Waterstone on January 17, 2012. (Compl. ¶ 41.) Thus, the Court finds that Plaintiff's allegations are sufficient to allege that Defendant's alleged failure to ensure the accuracy of the Consumer Report caused Plaintiff's injury.

## IV. CONCLUSION

---

[2] A quick review of the Credit Report shows that none of Plaintiff's personal information matched that listed for Gabriel Gomez Chavez. (Consumer Report, pp. 2-3.)

The Court therefore finds that Plaintiff has alleged sufficient facts to satisfy all four elements of his FCRA claim. Accordingly, Defendant's Motion to Dismiss (ECF No. 18) is DENIED.[3]

Dated this 6th day of December, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[3] The Court notes that the parties are in the process of briefing Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 54.) As the proposed Second Amended Complaint does not differ substantially from the operative Amended Complaint that the Court has declined to dismiss in this Order, the Court expects Defendant to focus its attention on the pending Motion for Class Certification (ECF No. 57), instead of opposing the Second Amended Complaint.