IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-0445-WJM-KMT

JOSEPH J. GOMEZ, on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

KROLL FACTUAL DATA, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Joseph J. Gomez ("Plaintiff") brings this consumer class action on behalf of himself and all other similarly situated against Defendant Kroll Factual Data, Inc. ("Defendant"), a consumer reporting agency, for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  Before the Court is Plaintiff's Motion for Class Certification ("Motion").  (ECF No. 58.)  For the reasons set forth below, the Motion is denied.

### I.  BACKGROUND

The Office of Foreign Assets Control ("OFAC") maintains a federal registry of individuals and entities that are prohibited by the U.S. Department of Treasury from doing business with the United States, which is called the Specifically Designated National and Blocked Persons list ("OFAC List").  (Compl. (ECF No. 76) ¶ 11.)  Defendant sells OFAC information as part of its consumer reports.  (Id. ¶ 14.)  Defendant has developed a product called "TruAlert" which is imbedded within one of

the sections of its consumer reports.  (*Id.* ¶¶ 15, 16.)  TruAlert notifies the purchaser of the credit report if the credit applicant's name is a match or "similar to" a name on the OFAC List.  (*Id.* ¶ 17.)

On or about January 17, 2012, Plaintiff applied for a home loan through the Waterstone Mortgage Corporation ("Waterstone").  (*Id.* ¶ 47.)  Waterstone ordered Plaintiff's Residential Merged Credit Report ("Consumer Report") from Defendant.  (*Id.* ¶ 48.)  The Consumer Report included a TruAlert section stating that Plaintiff uses the "AKA" (alias) "Jose Gomez."  (*Id.* ¶ 51; ECF No. 15-2 at 3.)  The TruAlert section of the Consumer Report also stated that Plaintiff's AKA record was "similar to" "Gabriel Gomez Chavez," an individual on the OFAC List.  (Compl. ¶ 52; ECF No. 15-2 at 2-3.)

On March 27, 2014, Plaintiff filed a Second Amended Complaint ("Complaint") against Defendant, on behalf of himself and all others similarly situated.  (ECF No. 76.) Plaintiff alleges that Defendant negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to maintain and follow reasonable procedures to assure the maximum possible accuracy of information in its consumer reports, particularly the section of the report that includes OFAC information.  (Compl. ¶ 1.)

In addition to the claims asserted by the individual Plaintiff, the Complaint contains the following "Class Action Allegations":

> 71.  Plaintiff brings this action on behalf of the following Class:
>
> > All legal residents of the United States of America for whom Kroll issued a Credit Report ("Report") after September 17, 2010, containing an "OFAC Compliance" section with the notice that "records are similar to the following record(s) in OFAC's SDN list," where (1) there were three or more names from the OFAC SDN list displayed on the Report, (2) no more than two parts of the individual Class Member's name(s), including any "AKA(s)," were a match with

>       any of the OFAC SDN names displayed on the Report, (3) the two matches were with only a part of two separate OFAC SDN names on the Report, (4) and there was no other matching data for the individual Class Member's data on the Report with information displayed on the Report from the OFAC SDN list, including place of residence, birthdate, Social Security number, and/or passport number.
>
> 72.   Plaintiff brings this action on behalf of the following Subclasses:
>
>       (a) All persons residing in the United States and its Territories with the first name "Joseph" or "Jose" and the last name "Gomez" who had a consumer report sold about them by Defendant to any third party which included an OFAC record, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case; and/or
>
>       (b) All persons residing in the United States and its Territories about whom Defendant sold a consumer report to any third party which included a TruAlert entry for Gabriel Gomez Chavez, with a date of birth August 1962 and with a U.S. social security number ending in 9593, but excluding the Mexican national Gabriel Gomez Chavez, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case.

(Compl. ¶¶ 71-72.)

Plaintiff filed the instant Motion for Class Certification on November 18, 2013. (Motion (ECF No. 58).) Defendant filed its response on December 18, 2013. (ECF No. 64.) Plaintiff's filed a Reply on January 16, 2014. (ECF No. 69.) Although the Court initially granted Defendant's request for a hearing on the Motion (ECF No. 71), the Court subsequently determined that it could decide the Motion on the papers, and that oral argument was, therefore, not necessary (ECF No. 77).

## II.  ANALYSIS

The party seeking to certify a class bears the strict burden of proving the requirements of Fed. R. Civ. P. 23 ("Rule 23").  *Trevizo v. Adams,* 455 F.3d 1155, 1162

(10th Cir. 2006).  As the party seeking class certification, Plaintiff must demonstrate that all four prerequisites of Rule 23(a) are clearly met, as well as show that this case falls into one of the three categories set forth in Rule 23(b).  *See Shook v. El Paso Cty.*, 386 F.3d 963, 971 (10th Cir. 2004); *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013).  The Rule 23(a) elements are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Although the Court has significant reservations about whether Plaintiff has met his burden with respect to a number of the Rule 23(a) prerequisites–particularly commonality and typicality–in the interest of judicial economy[1], the Court will assume that the Rule 23(a) factors have been satisfied by Plaintiff and focus its analysis on Rule 23(b).

Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any

---

[1] The Court notes that Rule 23(b)(3)'s predominance and superiority requirements consider many of the same facts and factors needed to satisfy Rule 23(a)(2)'s commonality and Rule 23(a)(3)'s typicality requirements.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).  Because Rule 23(b)(3)'s predominance requirement is "far more demanding" than Rule 23(a)(2)'s commonality requirement, the Court finds it more expedient to focus the analysis on the Rule 23(b)(3) requirements.  *Id.*; *Emig v. Am. Tobacco Co., Inc.*, 184 F.R.D. 379, 385 (D. Kan. 1998) (declining to address Rule 23(a)(2)'s commonality requirement because it was "subsumed under, or superceded by, the more stringent Rule 23(b)(3)'s requirement"); 7A Wright, Miller & Kane, Federal Practice and Procedure § 1763 at p. 227 (3d ed. 2013) (noting that Rule 23(a)(2) "may be a superfluous provision, or at least partially redundant, since the existence of common questions can be viewed as an essential ingredient of a finding that the case falls within one of the three categories of class actions described in subdivision (b).").

questions affecting individual members," and that the class action "is superior to other available methods for the fair and efficient adjudication of the controversy." "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). "[W]hen one or more of the central issues in the action are common to the class and can be said to predominate, the action will be considered proper under Rule 23(b)(3) even though other important matters have to be tried separately." *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 388 (D. Colo. 1993).

The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual. *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136-40 (2d Cir. 2001). If, in order to make a *prima facie* showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. *Id*. If the same evidence will suffice for each member to make a *prima facie* showing, then it becomes a common question. *Id*.

To recover for a violation of 15 U.S.C. § 1681e(b), Plaintiff must establish "(1) the existence of an inaccurate credit report; (2) that the consumer reporting agency failed to follow reasonable procedures to assure the maximum accuracy of its reports; (3) that the plaintiff suffered an injury; and (4) that the consumer reporting agency's failure caused the Plaintiff's injury." *Eller v. Experian Info. Solutions, Inc.*, 2011 WL 3365513, at *2 (D. Colo. Aug. 4, 2011). Here, Plaintiff seeks only statutory damages on behalf of the putative class. (Motion at 13 n.14.) Therefore, Plaintiff must also prove

that Defendant wilfully failed to comply with the FCRA, see 15 U.S.C. § 1681n, which requires showing that Defendant knowingly and intentionally failed to comply with the FCRA "in conscious disregard for the rights of others." *Stevenson v. TRW, Inc.*, 987 F.2d 288, 294-95 (5th Cir. 1993) (citation omitted).

Plaintiff argues that there are "basic overriding questions of law and fact common to the Class, which are posed by the standard practice of Defendant in placing inaccurate and misleading OFAC alerts on consumer reports based on a flawed name-only matching procedure." (Motion at 13.)  The Court agrees that whether the OFAC-reporting procedures Defendant followed were reasonable as a matter of law is a factual question that is common to the entire putative class.  This inquiry involves looking at Defendant's standard policies and practices, which apply uniformly to the whole class.

However, Plaintiff's argument does not show that common questions predominate over individual questions.  The success of the class members' claims will depend on several issues that must be determined individually: (1) whether the credit report was inaccurate; and (2) whether Defendant willfully failed to comply with the FCRA.  The Court will analyze each of these issues in turn.

"[W]hether a report is accurate may involve an individualized inquiry." *Owner-Operator Indep. Drivers Ass'n v. USIS Commercial Servs., Inc.*, 537 F.3d 1184, 1194 (10th Cir. 2008) (affirming denial of class certification request under 15 U.S.C. § 1681e(b)).  To sustain a claim, each putative class member will need to prove that the information in the report Defendant furnished was inaccurate.  "This will entail an individual inquiry into the contents of each consumer report issued by defendant."

*Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 703 (N.D. Ga. 2012) (denying class certification request for violation of the public records disclosure provision of the FCRA) (citing *Owner-Operator Indep. Drivers Ass'n*, 537 F.3d at 1194).

Additionally, to recover statutory damages, each class member must show willfulness, which "typically require[s] an individualized inquiry." *Soutter v. Equifax Info. Servs., LLC*, 498 F. App'x 260, 265 (4th Cir. 2012) (reversing District Court's granting of class certification request under under 15 U.S.C. § 1681e(b)); *see also Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 277 (4th Cir. 2010), (Wilkinson, J. concurring) ("Because statutory damages are intended to address harms that are small or difficult to quantify, evidence about particular class members is highly relevant to a jury charged with this task.").

The individualized nature of an FCRA claim–particularly one seeking statutory damages–has led most courts to deny class certification in these types of cases.  *See e.g., Owner-Operator Indep. Drivers Ass'n*, 537 F.3d at 1194 (finding individualized inquiry may be required); *Farmer*, 285 F.R.D. at 703 (finding individualized inquiry was required); *Soutter*, 498 F. App'x at 261 (finding plaintiff's claim not typical of the class); *Harper v. Trans Union, LLC*, 2006 WL 3762035, at *10 (E.D. Pa. Dec. 20, 2006) (finding individualized inquiry was required); *Pendleton v. Trans Union Sys. Corp.*, 76 F.R.D. 192, 193 (E.D. Pa. 1977) (finding common questions of law or fact did not predominate).

The factual inquiries will require the presentation of evidence for each putative class member, and thus, predominate over the common issue of whether the OFAC-

reporting procedures Defendant followed were reasonable as a matter of law. Plaintiff, therefore, has failed to show that common issues of law and fact predominate over individual issues.[2] Having failed to meets his Rule 23(b)(3) burden, Plaintiff's Motion for Class Certification must be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Class Certification (ECF No. 58) is DENIED.

Dated this 14th day of April, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[2] Because the Court has found that Plaintiff failed to meet his predominance burden, it need not determine if the class action "is superior to other available methods for the fair and efficient adjudication of the controversy."