**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0445-WJM-KMT

JOSEPH J. GOMEZ,

    Plaintiff,

v.

KROLL FACTUAL DATA, INC.,

    Defendant.

---

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE**

---

This matter is before the Court on Defendant Kroll Factual Data, Inc.'s ("Defendant") Motion to Strike the Class Allegations and Claims in Plaintiff's Second Amended Complaint (the "Motion to Strike"). (ECF No. 79.)  For the following reasons, Defendant's Motion is granted in part.

### I.  BACKGROUND

Plaintiff filed a Motion for Class Certification on November 18, 2013 (the "Class Certification Motion").  (ECF No. 58.)  Plaintiff then filed a Second Amended Complaint (the "Second Amended Complaint") against Defendant, on behalf of himself and all others similarly situated, on March 27, 2014.  (ECF No. 76.)

The Court denied the Class Certification Motion on April 14, 2014.  (ECF No. 78.)  The Court determined that Plaintiff's proposed class could not be certified because Plaintiff failed to meet its burden of proof under Federal Rule of Civil Procedure 23 ("Rule 23").  (*Id.* at 7-8.)  Specifically, the Court determined that Plaintiff failed to show

that common questions of law or fact predominated over questions affecting individual members. (*Id.* at 8; *see also* Fed. R. Civ. P. 23(b)(3) ("A class action may be maintained . . . if the court finds that questions of law or fact common to the members of the class predominate over any questions affecting individual members[.]").)

On April 17, 2014, Defendant filed this Motion to Strike. (ECF No. 79.) Plaintiff filed a Response to the Motion to Strike on May 8, 2014 (ECF No. 83), and Defendant filed a Reply on May 19, 2014. (ECF No. 85.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), a court may order that "the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." "[T]he purpose of the rule is to allow a district court to 'clean up' the pleadings if class certification is denied." *Bank v. Am. Home Shield Corp.*, 2013 WL 789203, at *3 (E.D.N.Y. Mar. 4, 2013).

## III. ANALYSIS

Defendant asks the Court to strike the class allegations that the Court previously determined could not be certified. (ECF No. 80 at 1.) Plaintiff argues that the Motion to Strike is premature because Plaintiff has not had an opportunity to conduct discovery or to brief the proposed class definition that forms the claims of his Second Amended Complaint. (ECF No. 83 at 1-3.) Plaintiff also argues that the Motion to Strike is overly broad. (*Id.* at 4.) The Court will analyze each of Plaintiff's arguments in turn.

Plaintiff notes that the Court did not grant Plaintiff leave to file the Second Amended Complaint until after the Class Certification Motion was fully briefed. (*Id.* at 2.) Plaintiff claims that he "never had the opportunity to persuade the Court that the

newly defined class pled for the first time is [sic] the [Second Amended Complaint] should be certified." (*Id.*) Plaintiff asks the court to "have that opportunity before the Court considers striking those class allegations and claims of the [Second Amended Complaint]." (*Id.*) Plaintiff's argument overlooks the fact that the Court considered the newly defined class when denying the Class Certification Motion. (*See* ECF No. 78 at 2-3.) Because the Court has already determined that Plaintiff's proposed class should not be certified, further briefing on whether the Second Amended Complaint's proposed class could be certified under Rule 23, whether by a motion for reconsideration[1] or a new motion for class certification, would be fruitless. The Court is, therefore, not persuaded by Plaintiff's argument.

Plaintiff also argues that additional discovery of consumer reports would allow Plaintiff to demonstrate that no member of the expanded class was on the OFAC list.[2] (ECF No. 83 at 2.) This individualized inquiry is precisely why the Court determined that Plaintiff could not meet his Rule 23 burden and denied the Class Certification Motion. (*See* ECF No. 78 at 6-8 ("[T]o sustain a claim, each putative class member will need to prove that the information in the report Defendant furnished was inaccurate. This will entail an individual inquiry into the contents of each consumer report issued by defendant." (internal citations omitted)).) The Court determined that "[this] factual

---

[1] Plaintiff contends that he will be filing a motion for reconsideration, requesting the Court to reverse its ruling denying the Class Certification Motion. (ECF No. 83 at 2.)

[2] The OFAC List, also known as the Specifically Designated National and Blocked Persons list, is a federal registry of individuals and entities that are prohibited by the U.S. Department of Treasury from doing business with the United States, and it is maintained by the office of Foreign Assets Control. (ECF No. 76 ¶ 1.)

inquir[y] will require the presentation of evidence for each putative class member, and thus, predominate over the common issue of whether the OFAC-reporting procedures Defendant followed were reasonable as a matter of law." (*Id.* at 7-8.)

Accordingly, since the Court has already denied the Class Certification Motion, and in doing so considered the proposed class contained in the Second Amended Complaint, the Court finds that it is appropriate to order removal of the class action allegations from the Second Amended Complaint. *See* Fed. R. Civ. P. 23(d)(1)(D); *Am. Home Shield Corp.*, 2013 WL 789203, at *3.

Finally, Plaintiff argues that the Motion to Strike is overly broad in that Defendant seeks to strike allegations which are not exclusive to Plaintiff's class allegations. (ECF No. 83 at 4.) The Court agrees with this aspect of Plaintiff's argument. Only allegations specific to the class action, paragraphs 71-80, will be stricken from the Second Amended Complaint.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Strike the Class Allegations and Claims in Plaintiff's Second Amended Complaint (ECF No. 79) is GRANTED IN PART; and

2. Plaintiff's Second Amended Complaint (ECF No. 76) shall be deemed amended by the removal of Paragraphs 71-80.

Dated this 28th day of May, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge