**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0445-WJM-KMT

JOSEPH J. GOMEZ,

    Plaintiff,

v.

KROLL FACTUAL DATA, INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Class Certification ("Motion"). (ECF No. 90.) For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

On September 17, 2012, Plaintiff filed this action against Defendant in the United States District Court for the District of Maryland. (ECF No. 1.) On February 20, 2013, the case was transferred to this Court. (*Id.*)

On March 11, 2013, Plaintiff filed an Amended Complaint against Defendant, brought on behalf of himself and all others similarly situated. (ECF No. 15) On November 15, 2013, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (the "SAC Motion"), which contained a new class definition (the "SAC Class"). (ECF No. 54.) On November 18, 2013, Plaintiff filed a Motion for Class Certification on the class definition contained in the Amended Complaint (the "Class

Certification Motion"). (ECF No. 58.)

On March 27, 2013, the Court granted Plaintiff's SAC Motion (ECF No. 75), and Plaintiff filed a Second Amended Complaint ("SAC") later that day (ECF No. 76). On April 14, 2014, the Court denied Plaintiff's Class Certification Motion, and explained that it considered the SAC Class in its ruling. (ECF No. 78.)

On April 17, 2014, Defendant filed a Motion to Strike the Class Allegations and Claims from Plaintiff's Second Amended Complaint (the "Motion to Strike") (ECF No. 79), which the Court granted in part on May 28, 2014 (ECF No. 89).

On June 11, 2014, Plaintiff filed the instant Motion. (ECF No. 90.) Defendant submitted its Opposition to the Motion on July 2, 2014 (ECF No. 97), and Plaintiff filed his Reply on July 28, 2014 (ECF No. 99). On July 31, 2014, Plaintiff filed a Motion for Leave to Cite Supplemental Authority for Plaintiff's Motion (ECF No. 102), which the Court granted on July 31, 2014 (ECF No. 103).

## II.  DISCUSSION

District Courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353-54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old

arguments.'" *National Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*.

In support of his Motion,[1] Plaintiff has submitted evidence and case law that he believes warrants reconsideration. The Court will discuss each of Plaintiff's submitted materials in turn.

First, Plaintiff has submitted the declaration of Erich C. Ferrari, Esq., an expert in economic government sanctions (the "Declaration"). (ECF No. 91-1.) Plaintiff argues that this Declaration is "new evidence" that should cause the Court to reconsider its prior ruling. (ECF No. 91 at 3.) The availability of new evidence that was previously unavailable is an appropriate ground upon which to seek reconsideration. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Declaration was signed on June 5, 2014, one month after the Court denied Plaintiff's Class Certification Motion and eight months after the deadline for designating rebuttal experts and the

---

[1] In this Court's Order Granting in Part Defendant's Motion to Strike, the Court warned Plaintiff that further briefing on whether the SAC Class could be certified, whether by a motion for reconsideration or a new motion for class certification, would be "fruitless." (ECF No. 89 at 3.) Plaintiff has blatantly ignored the Court's Order by filing the instant Motion. Plaintiff would be well-advised to begin following the instructions given by the Court in its Orders and Revised Practice Standards, or the Court will have no choice but to sanction Plaintiff for his refusal to follow Court directives.

exchange of rebuttal expert reports had passed. (ECF Nos. 50, 91-1.)

Plaintiff argues that his delay in submitting the Declaration is justified because the Court did not allow Plaintiff to brief certification of the SAC Class. (ECF No. 91 at 13.) The Court, however, has already addressed this argument in its Order Granting in Part Defendant's Motion to Strike, explaining that the Court "considered the newly defined class when denying the Class Certification Motion." (ECF No. 89 at 3 (citing ECF No. 78 at 2-3).) Thus, the lack of briefing on the SAC Class does not excuse Plaintiff's failure to submit the Declaration earlier.

Moreover, Plaintiff could have submitted the Declaration with its briefing on the Class Certification Motion. Plaintiff filed the SAC Motion (with the SAC Class) three days *before* filing the Motion for certification of the original class. (ECF Nos. 54, 58.) Plaintiff, therefore, had already begun the process of amending the class definition when it moved the Court to certify the original class. Despite Plaintiff having already intended to revise the class definition–as set forth in the SAC–he continued to brief the original class definition. Plaintiff also could have asked the Court to extend the deadline to file a motion for class certification until after the Court decided the SAC Motion, which he did not do. Instead, Plaintiff fully briefed its Class Certification Motion on a class that he ultimately didn't want certified.

Plaintiff argues that he "has been clear" that additional discovery and briefing on the SAC Class would be needed if the SAC Motion was granted. (ECF No. 99 at 8 (citing ECF Nos. 54 at 4, 57 at 1 n.1, 65 at 5 & 9-10).) What is clear, however, is that Plaintiff never made any such request. *See* WJM Revised Practice Standard III.B ("All requests for the Court to take any action . . . must be contained in a **separate**, written

4

motion.") (emphasis in original); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Regardless, the Court has already determined that additional briefing and discovery on the SAC Class definition is not necessary. (ECF No. 89 at 3.) Accordingly, the Court finds that Plaintiff's delay in submitting the Declaration is not excusable, and that the Declaration, therefore, is not the type of "new evidence" that might justify reconsideration.

Plaintiff also submits two cases decided after the Court denied the Class Certification Motion. (ECF Nos. 99 at 5, 100-1.) An "intervening change in the controlling law" is another appropriate ground upon which to seek reconsideration. *Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff argues that the cases show that the Court erred by misapprehending Defendant's amended class definition and misapplying the predominance aspect of class certification. (ECF No. 91 at 6-7).

The first case, *Dreher v. Experian Info. Solutions, Inc.*, explains that a plaintiff who has proven that the defendant wilfully failed to comply with the Fair Credit Reporting Act ("FCRA") may recover statutory and punitive damages without proof of actual damages. 2014 WL 2800766, at *4 (E.D. Va. June 19, 2014). This is not an "intervening change in the law" that warrants reconsideration, as Plaintiff suggests. Indeed, earlier in his Motion, Plaintiff even argues that "[i]t is *well*-settled among the Circuit Courts that FCRA statutory damages are available without the need for plaintiffs to show actual harm." (ECF No. 99 at 4) (emphasis in original.)

Although Plaintiff's claim for statutory damages does not require proof that an inaccuracy caused each class member's actual damages, his claim still requires proof that the consumer reports are inaccurate. *See Eller v. Experian Info. Solutions, Inc.*,

2011 WL 3365513, at *2 (D. Colo. Aug. 4, 2011) ("[P]laintiff must establish (1) the existence of an inaccurate credit report[.]").  The Court has already determined that proving these inaccuracies "will entail an individual inquiry into the contents of each consumer report issued by [D]efendant", and that the individualized inquiry will "predominate over the common issue of whether the OFAC-reporting[2] procedures Defendant followed were reasonable as a matter of law."  (ECF No. 78 at 6-8.)  Nothing in *Dreher* affects the Court's analysis in this regard and, therefore, the Court need not reconsider its prior ruling.

Plaintiff also submits *Ramirez v. Trans Union, LLC*, No. 12-cv-632 (N.D. Cal. July 24, 2014) (available at ECF No. 100-1), in which, like this case, the defendant argued that the question of whether the OFAC Alert for each class member was accurate is an individual question that rendered certification inappropriate.  (ECF No. 100-1 at 17.)  The Court in *Ramirez* found that the record did not support the defendant's argument because the defendant could not identify a single instance where a person identified as a "potential match" was, in fact, a match.  (*Id.*)  The Court found that individualized questions did not predominate over the common questions because the record supported a finding that "not one of the members of the class [was] in fact on the OFAC list."  (*Id.* at 17-18.)

Here, Plaintiff, for reasons known only to him, made a tactical decision to not conduct discovery on the SAC Class.  This is not the case, therefore, where the parties can decidedly say that no member of the class is on the OFAC list.  Additionally, the

---

[2] "OFAC" stands for the "Office of Foreign Assets Control."

Court has already explained that the "individualized inquiry" of this type of discovery "is precisely why the Court determined that Plaintiff could not meet his Rule 23 burden and denied the Class Certification Motion." (ECF No. 89 at 3.) The Court, therefore, does not find *Ramirez* to be an "intervening change in the controlling law" that warrants remand.[3]

Because the Court finds that Plaintiff has not shown that there has been a change in the law or that new evidence has become available, the Court must find clear error or manifest injustice in order to grant Plaintiff's Motion. *See National Bus. Brokers*, 115 F. Supp. 2d at 1256. The Court has carefully analyzed the Motion, the Order denying the Class Certification Motion, and the briefing on the underlying Class Certification Motion and Motion to Strike. Based on that analysis, the Court concludes that its Order was not clearly erroneous. Furthermore, by attempting to introduce evidence and law that could have been brought forth in earlier briefing, Plaintiff's Motion merely "revisit[s] issues already addressed . . . [and] advance[s] arguments that could have been raised in prior briefing." *See Servants of the Paraclete*, 204 F.3d at 1012. Because Plaintiff has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Plaintiff's

---

[3] The Court also notes that a decision from the Northern District of California is not controlling in this District, and that Rule 23 affords district courts substantial deference in determining whether a proposed class should be certified. *See Paton v. N.M. Highlands Univ.*, 275 F.3d 1274, 1278 (10th Cir. 2002). The fact that another district court exercised its discretion in a different manner than this Court does not warrant reconsideration. *See* Servants of the Paraclete, 204 F.3d at 1012 (explaining that a ground warranting reconsideration is "an intervening change in the *controlling* law.") (emphasis in original).

Motion is DENIED.[4]

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Class Certification (ECF No. 90) is DENIED WITH PREJUDICE; and

2.  Plaintiffs Motion for Oral Argument on Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Class Certification (ECF No. 94) is DENIED AS MOOT.

Dated this 22nd day of October, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[4] Nothing in this Order prevents Plaintiff from filing a new class action lawsuit with another individual as the named plaintiff in this or a different federal court.